UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MATHEW CARTER,                                              CASE NO.:

      Plaintiff,

v.

CARNIVAL CRUISE LINES,
a Panamanian corporation;

      Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MATHEW CARTER (hereinafter "PLAINTIFF"), sues Defendant CARNIVAL CRUISE LINES, a Panamanian corporation (hereinafter "CARNIVAL" or "DEFENDANT") and alleges:

## JURISDICTIONAL ALLEGATIONS

1. Plaintiff is a citizen and resident of the State of Florida.

2. Defendant CARNIVAL is a corporation incorporated under the laws of Panama having its principal place of business in Miami, Florida.

3. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. 1332.

4. In the event this matter does not come under diversity jurisdiction of the court, then this matter is being brought under the admiralty and maritime jurisdiction of the court.

5. Defendant, at all times material hereto, personally or through an agent:

    a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office and/or agency in this state and/or county;

b.  Was engaged in substantial activity within this state; and/or

c.  Operated vessels in the waters of this state; and/or

d.  Committed one or more of the acts stated in Florida Statutes, §§ 48.081, 48.181 or 48.193; and/or

e.  The contract for carriage between Defendant and Plaintiff requires that the venue for this action be in the United States District Court for the Southern District of Florida.

6.  Defendant is subject to the jurisdiction of this Court.

7.  The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

## PRELIMINARY ALLEGATIONS

8.  At all times material hereto, Defendant owned, operated, managed, maintained, and/or controlled the vessel "Carnival Sensation"

9.  Plaintiff had purchased a sailing to the Bahamas returning to the port of Miami, FL on May 2, 2020.

10. On April 30, 2019, Plaintiff was a paying passenger on Defendant's vessel, which was in navigable waters.

11. On April 30, 2019, at around 4:00 pm EST, the Plaintiff was a victim of a violent assault with bodily injuries by a fellow passenger in or near the main pool of the vessel.

12. On the above-mentioned date, Plaintiff encountered an ongoing altercation between other guests which was not timely addressed with reasonable care under the circumstances by CARNIVAL's security team. Plaintiff attempted to mediate the confrontation and was assaulted and struck in his head with a glass by an unknown guest involved in the altercation.

13. Defendant, and/or its agents, servants, and/or employees, knew of the altercation or of the potential for such an altercation or the altercation existed for a sufficient period of time that Defendant was on constructive notice of same.

14. Plaintiff complied with all condition's precedent to the filing of this complaint.

## **COUNT I – NEGLIGENCE**

Plaintiff realleges, adopts and incorporates by reference the allegations in paragraphs one (1) through fourteen (14) as though alleged originally herein.

15. It was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances and protect him from harm due to reasonably foreseeable risks of injury.

16. It was reasonably foreseeable to the Defendant, their agents, servants, and/or employees that passengers might become involved in an altercation involving violence in or about the main pool area of the cruise ship.

17. The reasonable foreseeability of such an event, required Defendant to have and maintain adequate security in and about the main pool area.

18. Additionally, Defendant had actual notice or constructive notice of the ongoing altercation for a sufficient period of time such that if its security was exercising reasonable care under the circumstances, it could have and would have broken-up the altercation before it resulted in the assault upon Plaintiff.

19. Defendant failed to have and maintain adequate security in and about the main pool area.

20. Defendant failed to respond to the ongoing altercation in a reasonably careful manner under the circumstances.

21. As a direct and proximate result of the foregoing, Defendant breached its duty to provide Plaintiff with reasonable care under the circumstances.

26. As a direct and proximate consequence of Defendant's omissions and failures to act as aforesaid, Plaintiff was injured about his body and extremities, suffered severe physical pain, scarring, mental and emotional anguish, loss of enjoyment of life, physical disability, scarring, impairment, inconvenience in the normal pursuits of life, disfigurement, other mental and/or nervous disorders, suffered aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of his injuries both in the past and anticipated to be incurred in the future and suffered physical handicap. The injuries and damages are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of his vacation cruise for which he incurred expenses, including, but not limited to the cost of the cruise ticket for himself, as well as transportation costs.

WHEREFORE, Plaintiff demands judgment for all damages recoverable under the law against the Defendant and demands trial by jury for all such issues so triable as a matter of right.

Dated this 28th day of August, 2020.

CHARLIP LAW GROUP, LC
*Counsel for Plaintiff*
999 Brickell Ave.Suite 840
Miami, Florida 33131
Phone: (305) 354-9313
Fax:    (305) 354-9314
Primary Email:
dcharlip@charliplawgroup.com
Secondary E-mail:
assistant@charliplawgroup.com
paralegal@charliplawgroup.com

By:    */s/ David H. Charlip, B.C.S.*
         David H. Charlip, B.C.S.
         Florida Bar No.: 329932
